967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlotte KENNEDY; Robert L. Kennedy, Plaintiffs-Appellants,
v.
COLLAGEN CORPORATION, Defendant-Appellee.
 No. 91-15597.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1992.
Decided June 8, 1992.
 
 Before FERGUSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court did not err in ruling that Kennedy had failed to present sufficient evidence of causation to survive summary judgment. Under California law, Kennedy was required to prove causation "within a reasonable medical probability." Jones v. Ortho Pharmaceutical Corp., 163 Cal.App.3d 396, 402 (1985). Her expert affidavits on causation, however, were either speculative, highly equivocal, or both. They thus provided an insufficient basis for a reasonable jury to find causation. See id. at 402-04; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).
 
 
 3
 The district court's denial of Kennedy's motion for a new trial based on newly discovered evidence was not an abuse of discretion; Kennedy failed to show that she had exercised due diligence in searching for, but not discovering, the evidence earlier. Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 766 (9th Cir.1981).
 
 
 4
 Kennedy's challenge to the district court's refusal to designate Dr. Spindler as an expert for trial is moot, as there will be no trial.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3